ELISHA D. SMITH, Plaintiff in Error,

*vs.*

DANIEL MALBON, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF LA CROSSE COUNTY.

M. claimed a certain interest in the steamboat Berlin, entered into a stipulation with S. that whenever the steamboat should be sold, and all just debts standing against her paid, M. should receive his share of any equitable claim which he might have against said boat, either as stock or otherwise; *Held*, that no cause of action accrued upon such contract until said boat had been sold and such debts paid.

THIS was an action of assumpsit commenced by the defendant in error against the plaintiff in error, the alleged cause of action being the contract in writing set forth in the opinion of the court. Though other questions were raised and considered, the determination of the case and the rights of the parties, rested solely upon the proper construction of the said contract.

*Wm. H. Tucker*, for the plaintiff in error.

*Dennison & Lyndes*, for the defendant in error.

*By the Court*, COLE, J.   Several erroneous rulings are made in this cause by the Circuit Court, upon the trial of the traverse of the affidavit, and of the cause upon the merits; but they will not be noticed, as we deem it more desirable to rest our decision upon the question of the right of the defendant in error to maintain this action.

Upon the trial of the cause, the following instruction to the jury was asked for by the plaintiff in error, and refused by the court, and exceptions taken, to wit:

1. "That if the jury find that the plaintiff accepted the stipulation upon which the second count in the declaration is based, of Harrison Reed as the agent of the defendant, in satisfaction of his interest at the time in said boat, and has failed to show that the boat has been sold for an amount sufficient to pay all

Smith vs. Malbon.

her debts and have a surplus arising from said sale to be divided among the original stockholders, according to the terms of the stipulation, that then and in that case, the plaintiff could not recover in this suit."

The declaration was in an action of assumpsit containing two special counts and the common counts. The second special count set forth the only cause of action relied upon on the trial, and was in substance as follows: That on the 3d day of July, 1852, at Fort Winnebago, to wit, at the county of La Crosse, the plaintiff was the owner of a certain interest in the steamboat Berlin, to wit, a certain amount of stock in said boat worth $975, together with a certain claim or demand against said boat of $325, for work and labor done and materials furnished in building, repairing and renewing said boat before that time, and that afterwards, at the time and place aforesaid, in consideration that the plaintiff would sell to said defendant at his request, the plaintiff's interest in said boat, to wit, $975 in stock; and $325 in claims and demands against said boat, the defendant then and there promised to pay the plaintiff for his interest and claim in said boat, and made the following stipulation, to wit:

"Whereas Daniel Malbon, former master of the steamboat Berlin, of which I have now sole charge and control, claims a certain share of stock in the steamboat Berlin, now, therefore, I, E. D. Smith, of Menasha, do stipulate and agree with the said Malbon, that whenever said boat shall be sold, and all just debts now standing against said boat be paid, he shall receive his share of any equitable claim which he may have against said boat, either as stock or otherwise. Nothing in the above agreement shall be so construed as to affect the said Malbon's bill of services and materials furnished within the year 1852.

"*Fort Winnebago*, July 3, 1852.

"E. D. SMITH,
"*By his attorney, H. Reed.*"

The plaintiff averred that his interest in the boat was worth the full amount of $1,300; that the boat had been sold, and all her just debts paid, except the plaintiff's, which the defendant refuses to pay, &c.

A brief statement of the material parts of the evidence contained in the bill of exceptions, will aid us in understanding the

circumstances under which this agreement was made, and the object intended to be effected by it.

In 1851 the steamboat Berlin, valued at about $5,000, belonged to the defendant in error, Doty and Hotelling, Malbon owning a one sixth part. The boat was burnt in the fall of that year; in the following spring what remained of the boat was sold at sheriff's sale, and bid in by Hay & Clarke for $405; subsequently, Doty, who had acquired control of the boat, either by purchase or agreement with those interested in her—and it does not distinctly appear which—made an arrangement with the plaintiff in error for rebuilding her, and to receive his pay from the sale or earnings of the boat. The plaintiff in error expended $1,500 or $1,800 in rebuilding her, and took a bill of sale of the boat from Doty. He was to sell the boat, pay himself, and the debts against the boat, amounting to over $2,000, and the surplus was to go to the original stockholders. When Reed, the agent of the plaintiff in error, went to take possession of the boat, he found Malbon, who claimed some interest in the boat as stockholder or otherwise, was likely to oppose him, and to avoid trouble and get possession of the boat, the agreement set forth in the declaration was given to, and accepted by Malbon. The boat was run by Reed down to Galena and Dubuque for sale, and finally up the Mississippi River. In getting to La Crosse her shaft was broken, and she was tied up at that place, where she remained until she was attached by the defendant in error next spring, by commencing this suit.

Such being the material facts of the case, the important inquiry arises, can Malbon maintain an action upon this agreement for his share of the stock, whatever it may be? The agreement itself most clearly and decisively negatives any such idea, unless the boat had been sold, the debts against her discharged, and a surplus remained in the hands of Smith to be accounted for to the original stockholders. That appears to be the plain, natural, and reasonable import and intent of the agreement, and it is difficult to conceive, how any one could come to any other understanding about it. Smith took the boat in the character of an agent or trustee, to sell her, and dispose of the proceeds in a certain prescribed manner. He did not promise absolutely to pay Malbon anything, and whether Malbon would ever be

entitled to anything, depended entirely upon the contingency of the boat's selling for more than enough to pay the preferred debts. He could not receive anything until the plaintiff in error was paid, and the creditors of the boat. Those were the "just debts standing against the boat," mentioned in the agreement, which were first to be paid and satisfied. Such is the meaning of the instrument, clearly and most unequivocally expressed.

The instruction asked for, therefore, was proper, and should have been given. The judgment of the Circuit Court must be reversed, with costs, and new trial ordered.